UNITED STATES BANKRUPTCY COURT  NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                   Chapter 11

MARKETXT HOLDINGS CORP.,                                Case No. 04-12078 (ALG)

                      Debtor.

-------------------------------------------------------------------x
ALAN NISSELSON, as Chapter 11 Trustee of
MarketXT Holdings Corp., and the OFFICIAL
COMMITTEE OF UNSECURED CREDITORS,

                     Plaintiffs,

      -against-                                                       Adv. Proc. No. 05-03238 (ALG)

SOFTBANK AM CORPORATION f/k/a
SOFTBANK FINANCE CORPORATION AND
SOFTBANK INVESTMENT CORPORATION AS
MANAGING PARTNER OF SOFTBANK
CONTENTS FUND,

                     Defendants.

-------------------------------------------------------------------x

## ORDER

The Court has received for *in camera* review 19 documents that the Defendants inadvertently produced to the Plaintiffs in discovery in the above action, but which Defendants assert are protected by the attorney-client privilege (with the exception of Exhibit B, as to which the assertion of privilege has been withdrawn). The Plaintiffs do not contend that there has been a waiver of the privilege by virtue of the inadvertent production but assert that the documents are not privileged under applicable law.

There is no dispute that the documents represent communications between a representative of one or more of the Defendants or their affiliates and an attorney with the law firm of Sullivan & Cromwell LLP, Defendants' U.S. counsel. Plaintiffs nonetheless contend that the communications are not privileged because counsel was being asked for and conveying business rather that legal advice.

In determining whether communications are within the attorney-client privilege, the test in this Circuit is "whether the predominant purpose of the communication is to render or solicit legal advice." *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 420 (2d Cir. 2007). The Circuit Court there noted that the provision of legal advice "requires a lawyer to rely on legal education and experience to inform judgment but is "broader, and is not demarcated by a bright line." *Id.* at 419-20. The Court quoted Judge Wyzanski in *United States v. United Shoe Machine Corp.*, 89 F. Supp 357, 359 (D. Mass. 1950), where he stated, "the modern lawyer almost invariably advises his client upon not only what is permissible but also what is desirable . . . And the privilege of nondisclosure is not lost merely because relevant nonlegal considerations are expressly stated in a communication which also includes legal advice."

Applying the above test to the documents submitted, the Court is convinced that the "predominant purpose" of the communications was "to render or solicit legal advice," subject to two exceptions. The exceptions are: (i) the first two paragraphs of Exhibit F (stamped SB 021661) and the first three paragraphs of Exhibit L (stamped SB 022209). These communications merely report on negotiations or discussions with third parties. Such communications are not privileged and redacted versions of the two documents,

disclosing only the indicated paragraphs, may be used in the litigation. *TVT Records, Inc. v. Island Def Jam Music Group*, 214 F.R.D. 113 (S.D.N.Y. 2003).

IT IS SO ORDERED.

Dated: New York, New York
April 9, 2007

                                            */s/ Allan L. Gropper*
                                          UNITED STATES BANKRUPTCY JUDGE